UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOANN ABBO-BRADLEY, Individually and as Parent
and Natural Guardian of D.B., T.B., and C.B., infants;
ZACHARY AND MELANIE HERR, Individually and as
Parent and Natural Guardian of C.H. and H.H, infants; and
NATHAN E. AND ELENA KORSON, Individually and as
Parent and Natural Guardian of L.K., an infant,

          Plaintiffs,                    **DECISION & ORDER**

                                          1:20-cv-00136-FPG

   v.

CITY OF NIAGARA FALLS; NIAGARA FALLS
WATER BOARD; GLENN SPRINGS HOLDINGS,
INC.; CONESTOGA-ROVERS & ASSOCIATES;
CECOS INTERNATIONAL, INC.;DAVID GROSS
CONTRACTING CORP.;  GROSS PLUMBING &
HEATING CO., INC.; MILLER SPRINGS REMEDIATION
MANAGEMENT, INC.; OCCIDENTAL CHEMICAL
CORPORATION, Individually and as Successor in Interest
to Hooker Chemicals and Plastics Corporation; OP-TECH
ENVIRONMENTAL SERVICES; ROY'S PLUMBING,
INC.; SCOTT LAWN YARD, INC.; and SEVENSON
ENVIRONMENTAL SERVICES, INC.,

          Defendants.

---

## INTRODUCTION

      The above-captioned case is one of 19 related toxic tort cases that have been removed to this Court.  Presently before the Court is United States Magistrate Judge Jeremiah J. McCarthy's Report and Recommendation ("R&R") on Plaintiffs' motion to remand.[1]  ECF No. 70.  Judge McCarthy concluded that removal under section 1446(b)(3) was unavailable because none of the operative amended complaints in the 19 related cases presented a ground for removal for the first

---

[1] The parties have submitted their briefing on the motion to remand only in *Abbo-Bradley*, but have stipulated that the briefing applies to all 19 cases.

1

time.  The removing defendants filed objections to the R&R.  ECF No. 74.  For the reasons that follow, the Court adopts Judge McCarthy's R&R in part and GRANTS Plaintiffs' motion to remand.

## LEGAL STANDARD

Generally, a court reviews portions of an R&R to which a party makes specific objections *de novo.*  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  When a party does not object to the R&R, the court will review it for clear error.  *EEOC v. AZ Metro Distributors, LLC*, 272 F. Supp. 3d 336, 339 (E.D.N.Y. 2017).  In that case, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 686 (N.D.N.Y. 2015) (internal quotation marks omitted).  After conducting the appropriate review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

## BACKGROUND

The above-captioned case, *Abbo-Bradley, et al. v. City of Niagara Falls, et al.,* began in 2012 in the State of New York Supreme Court, County of Niagara.  Plaintiffs, residents of the City of Niagara Falls, alleged that Defendant Occidental Chemical Corporation had, for years, dumped hazardous chemical waste into a nearby disposal site known as the "Love Canal" landfill, and then ineffectively cleaned that site up.  The chemicals migrated from the Love Canal waste disposal site to Plaintiffs' homes, making Plaintiffs sick and decimating their property values.  Plaintiffs sued Occidental and others for personal injury and property damage based on common law tort theories.  A second related case, *Pierini v. City of Niagara Falls, et al.*, also based on allegations of toxic exposure from the Love Canal site, soon followed.

In 2013, Occidental[2] removed *Abbo-Bradley* and *Pierini* to this Court on the basis of federal question jurisdiction. *See* 28 U.S.C. § 1331. It asserted that its remediation of the Love Canal site was undertaken in accordance with remedies crafted pursuant to a federal statute—the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601—and that those remedies were approved by a series of consent decrees in the Western District of New York. Occidental asserted that Plaintiffs were essentially challenging the sufficiency and effectiveness of the federally imposed CERCLA remedies, thereby triggering federal question jurisdiction.

On August 22, 2013, Judge John T. Curtin rejected Occidental's argument for federal question jurisdiction and remanded *Abbo-Bradley* and *Pierini* back to state court. *See Abbo-Bradley v. City of Niagara Falls*, No. 13-CV-487-JTC, 2013 U.S. Dist. LEXIS 119413, at *9 (W.D.N.Y. Aug. 21, 2013); *Pierini v. City of Niagara Falls*, No. 13-CV-498-JTC, 2013 U.S. Dist. LEXIS 119311, at *1 (W.D.N.Y. Aug. 21, 2013).

Between 2013 and 2017, 17 more related cases alleging toxic exposure from the Love Canal site were filed. All 19 related Love Canal cases remained in state court until 2020.

On January 6, 2020, Plaintiffs filed uniform amended complaints in all 19 cases to allege newly discovered toxic exposure from three additional CERCLA remedial sites, all Niagara Falls-area waste disposal sites used by Occidental. The 2020 amended complaints continued to assert exposure from the Love Canal site and continued to assert only common law tort claims.

On February 1, 2020, Occidental removed all 19 cases to this Court, *Abbo-Bradley* and *Pierini* for the second time and the other 17 cases for the first time. ECF No. 3. Occidental again

---

[2] More precisely, Defendant Miller Springs Remediation Management, Inc., removed *Abbo-Bradley* and *Pierini*, and Defendant Occidental (and others) consented to and joined in the removal. This time, Occidental and several other defendants have removed, but for ease of reference, the Court will refer solely to "Occidental."

raised federal question jurisdiction on the ground that Plaintiffs were really challenging the sufficiency and effectiveness of the CERCLA remedies at the three new sites.  Additionally, for the first time, Occidental raised federal officer jurisdiction on the ground that it had acted under the direction or supervision of the federal government in implementing the CERCLA remedies at the three new sites.  *See* 28 U.S.C. § 1442(a).

Procedurally, Occidental argued that removal was proper pursuant to 28 U.S.C. § 1446(b)(3), which permits removal of cases that were not initially removable where an amended complaint presents a ground for removal for the first time; or, alternatively, pursuant to the revival doctrine, which revives a defendant's lapsed right of removal if an amended pleading substantially changes the nature of the case.

Plaintiffs moved to remand.  They argued that Occidental had already removed *Abbo-Bradley* and *Pierini* once and it could not remove those cases on the same ground—that the CERCLA remedies governing the waste disposal sites triggered federal question jurisdiction—again.  As for the 17 other cases which had not already been removed, Plaintiffs argued that their addition of the allegations about the three new sites in the 2020 amended complaints did not raise a ground for federal question jurisdiction or federal officer jurisdiction that was not already apparent from the allegations about the Love Canal site in the older versions of the complaints, and thus the 2020 amended complaints did not present a ground for removal for the first time.

Judge McCarthy agreed with Plaintiffs and recommended that their motion for remand be granted.  The Court has conducted a *de novo* review and finds no error in Judge McCarthy's recommendation.  Therefore, Plaintiffs' motion for remand is GRANTED.

# DISCUSSION

This decision involves 19 total cases, two procedural vehicles for removal (section 1446(b)(3) and the revival doctrine) and two substantive[3] bases for removal (federal question jurisdiction and federal officer jurisdiction). A brief roadmap is in order.

The Court organizes this decision into two main sections. In Section I, the Court examines the propriety of removal under section 1446(b)(3), first with respect to the two cases which have already been removed once pursuant to federal question jurisdiction, and then with respect to the remaining 17 cases which are being removed for the first time based on both federal question and federal officer jurisdiction. In Section II, the Court examines the propriety of removal of all 19 cases—based on both federal question and federal officer jurisdiction—under the revival doctrine.

## I.      Removal Under 28 U.S.C. § 1446(b)(3)

Generally, a defendant must remove a case within 30 days of receipt of the initial pleading. 28 U.S.C. § 1446(b)(1). But, under 28 U.S.C. § 1446(b)(3),

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

### A.     Successive Removal of *Abbo-Bradley* and *Pierini* on Federal Question Grounds

Occidental already removed *Abbo-Bradley* and *Pierini* once before. Section 1446(b)(3) does not automatically prohibit successive removals, but because it requires removal to be based

---

[3] In their motion to remand, Plaintiffs argued that removal was procedurally improper under section 1446(b)(3) and the revival doctrine, but they also substantively argued that federal question and federal officer jurisdiction simply do not exist on the merits. However, Judge McCarthy's R&R addresses only the procedural grounds and does not reach the merits of whether federal jurisdiction existed. Accordingly, neither does this decision. Additionally, the Court does not reach Judge McCarthy's recommendation or the parties' arguments about the precise date on which the removal window was purportedly triggered. Moreover, the Court's conclusion in this decision is the same regardless of whether it applies a specific presumption in favor of federal officer removal or a general presumption in favor of remand. *See generally Clayton v. Air & Liquid Sys. Corp.*, No. 13CV847A, 2013 U.S. Dist. LEXIS 176517, at *20 (W.D.N.Y. Nov. 13, 2013) (noting the existence of contrary presumptions).

on a ground that is ascertainable for the first time, "a defendant may only 'file a second removal petition when subsequent pleadings or events reveal a *new and different ground for removal*.'"[4] *Bank of Am. v. Pastorelli-Cuseo*, No. 3:17-cv-01666 (SRU), 2017 U.S. Dist. LEXIS 171885, at *5 (D. Conn. Oct. 17, 2017) (quoting *One Sylvan Road N. Assocs. v. Lark Int'l*, 889 F. Supp. 60, 62 (D. Conn. 1995)) (emphasis added); *accord Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991).

"The 'different ground' does not refer to the type of federal jurisdiction, such as diversity jurisdiction, but to the pleading or event that made the case removable." *Jennings v. Powermatic*, No. 3:14-cv-250-J-32JRK, 2014 U.S. Dist. LEXIS 66881, at *3 (M.D. Fla. May 15, 2014); *see also S.W.S. Erectors v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996). The phrase "different grounds" means "a different set of facts that state a new ground for removal." *O'Bryan v. Chandler*, 496 F.2d 403, 410 (10th Cir. 1974). "It is not enough to have new facts supporting removal; these new facts must provide a new ground for removal." *Everett Fin., Inc. v. Kocher*, No. 3:19-CV-1563-B, 2019 U.S. Dist. LEXIS 161477, at *6 (N.D. Tex. Sep. 20, 2019). Stated differently, the new facts must create a "relevant change of circumstances" that "alter[] the circumstances bearing on jurisdiction." *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015). They must "put the defendant in a different position compared to where it stood during the first removal, in the sense that the new facts give the defendant a newfound ability to allege federal jurisdiction that it did not have during its first removal." *Waters v. Kohl's Dep't*

---

[4] Although Occidental only joined in the prior removal, courts seem to have accepted "that the prohibition against successive removals [upon the same grounds] applies to a defendant who only consented to, or joined in, the first removal . . . ." *Ortiz v. City of N.Y.*, No. 13 Civ. 136 (JMF), 2013 U.S. Dist. LEXIS 78641, at *8-9 (S.D.N.Y. June 4, 2013). Here, as in *Ortiz*, Occidental does not challenge this position or "cite any authority to the contrary, and thus concede[s] — at least implicitly — that a defendant who, having been served with a complaint, consents to another defendant's removal is barred from removing again on the same grounds." *Id.*

6

*Stores, Inc.*, No. 2:18-CV-00328-ODW-AFM, 2018 U.S. Dist. LEXIS 58521, at *11-12 (C.D. Cal. Apr. 4, 2018).

Here, as Judge McCarthy concluded, the 2020 versions of *Abbo-Bradley* and *Pierini* do not present grounds for removal that are new and different from the 2013 versions. In its 2013 removal, Occidental argued that *Abbo-Bradley* and *Pierini* triggered federal question jurisdiction because Plaintiffs were challenging the CERCLA remedies at the Love Canal site. Likewise, in its 2020 removal, Occidental argued that *Abbo-Bradley* and *Pierini* triggered federal question jurisdiction because Plaintiffs were challenging the CERCLA remedies at the three new sites. Notwithstanding the new facts about the three new sites, the ground for removal is the same. *See* Ground, Black's Law Dictionary (11th ed. 2019) (defining "ground" as "[t]he reason or point that something (as a legal claim or argument) relies on for validity").

Occidental argues that the three new sites "are located in different areas, received different chemicals at different times, were the subject of different federal cleanup lawsuits, and were remediated by different people at different times under different CERCLA consent decrees." But none of these differences bear on the existence of federal question jurisdiction. The new facts about the new exposure sites do not put Occidental "in a different position compared to where it stood during the first removal" with respect to its ability to raise federal question jurisdiction. *Waters*, 2018 U.S. Dist. LEXIS 58521, at *12.

Occidental relies heavily on *O'Bryan v. Chandler*, 496 F.2d 403 (10th Cir. 1974), to argue that only a change in facts is necessary to create a new ground for removal. In *O'Bryan*, the plaintiff sued the defendant, a federal judge, for libel based on a written statement the judge made about the plaintiff in a brief filed in court. *Id.* at 407. The defendant-judge removed the case based on federal officer jurisdiction. The federal court rejected the defendant-judge's position and

7

remanded. The plaintiff later amended his state court complaint to allege that the libelous statement was made in a *draft* version of the brief, not the *final* version of the brief as previously alleged. *Id.* at 407. The defendant-judge removed again based on federal officer jurisdiction, arguing that the change of the alleged location of the libelous statement created a new ground for removal. Additionally, since the time of the first removal, the United States Supreme Court had decided a case which broadened the standards for removal. *Id.* at 412. The Tenth Circuit held that the defendant-judge's second removal was properly based on a new ground and upheld the removal based on the change in the facts and the law. *Id.* at 411-12.

The Court can see why Occidental believes *O'Bryan* supports its position: like here, the *O'Bryan* defendant' second removal was based on the same jurisdictional theory (federal officer jurisdiction) and a seemingly minor factual amendment. Indeed, the dissent felt that the amendment "made no material change in plaintiff's cause of action" and "did not for the first time assert a ground for removability which had not previously been asserted." *Id.* at 416. But the majority found that the factual amendment was relevant to the question whether federal officer jurisdiction existed because "[t]he place where the alleged libel is published is significant in determining whether an officer of the court is acting 'under color of office or in the performance of his duties.'" *Id.* (quoting 28 U.S.C. § 1442(a) (3)).

Here, Plaintiffs' 2020 amendments adding the three new sites of exposure do not have the same significance as the amendment in *O'Bryan*. All four sites—the Love Canal and the three new sites—are subject to federally imposed CERCLA remedies approved by federal consent decrees. It is the existence of these remedies and consent decrees, and not their site-specific components—that creates the purported basis for federal question jurisdiction. That basis was present the first time *Abbo-Bradley* and *Pierini* were removed and Judge Curtin rejected it.

Occidental has not identified anything about the 2020 amendments that has any bearing on the analysis of federal question jurisdiction.

Accordingly, the Court finds no error in Judge McCarthy's conclusion that the successive removal of *Abbo-Bradley* and *Pierini* on federal question grounds fails.

**B.    Removal for the First Time: The 17 Other Cases[5]**

"In order to satisfy section 1446(b)[(3)], a defendant must show (1) that the original complaint was not removable on its face at the time it was filed and (2) that another 'paper' changed the status of the case, making it clear that the complaint was removable." *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 399 F. Supp. 2d 340, 347 (S.D.N.Y. 2005).

**1.    Removability at the Time of Filing**

Occidental argues that Judge Curtin's 2013 remand orders in *Abbo-Bradley* and *Pierini* demonstrate that none of the 19 cases were removable at the time of filing (when they included only the Love Canal allegations).

**a)    Federal Question Jurisdiction**

Judge Curtin's 2013 remand orders in *Abbo-Bradley* and *Pierini* became the law of the case in those two cases and were controlling as to whether the Love Canal allegations in those two cases presented federal question jurisdiction. *See* 28 U.S.C. § 1447(d) (prohibiting review of remand orders "on appeal or otherwise"); *Bank of Am. v. Pastorelli-Cuseo*, No. 3:17-cv-01666 (SRU), 2017 U.S. Dist. LEXIS 171885, at *4 (D. Conn. Oct. 17, 2017) (explaining that section 1447(d) "effectively makes the [law of the case] doctrine mandatory in removal cases").

---

[5] Judge McCarthy's R&R does not explicitly address the procedural propriety of removal of the 17 other cases on federal question jurisdiction grounds because, as Judge McCarthy noted, in response to Plaintiffs' motion to remand, Occidental "direct[ed] [its] arguments to the successive removal of *Abbo-Bradley* and *Pierini*." ECF No. 70 at 11. Occidental has consequently not explicitly objected to the R&R on this basis.

9

But, as unappealable orders, Judge Curtin's remand orders in *Abbo-Bradley* and *Pierini* did not preclude Occidental from raising the same ground for federal question jurisdiction upon the filing of the 17 other cases. *See Covanta Onondaga v. Onondaga Cty. Res. Recovery Agency*, 318 F.3d 392, 397 (2d Cir. 2003) ("If the remand order is not appealable, . . . then it is highly unlikely that the order has preclusive effect."); *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 396 (5th Cir. 1998) ("We cannot say, then, that binding a defendant to a ruling that it could not appeal as a matter of law would be any fairer than binding a defendant to a decision affirmed on grounds unrelated to the preclusive issue or to a decision left unappealed because the determination was based on alternative grounds."); *Nutter v. Monongahela Power Co.*, 4 F.3d 319, 322 (4th Cir. 1993) ("Of the circuits that have addressed this issue, four have concluded that a district court's findings incident to an order of remand have no preclusive effect.").

In other words, Judge Curtin's 2013 remand orders did not "conclude the issue [of] whether the district court ha[d] jurisdiction over [Plaintiffs'] new and materially identical suit[s]," *i.e.*, the 17 cases filed after *Abbo-Bradley* and *Pierini*. *Health Cost Controls, Inc. v. Washington*, 187 F.3d 703, 708 (7th Cir. 1999) (analyzing whether an earlier remand order of the plaintiff's "mirror-image suit" for lack of federal jurisdiction was res judicata in the instant suit and finding that, as an unappealable order, it was not).

The Court makes no comment as to whether federal question jurisdiction existed or exists on the merits. It only holds that Occidental has not shown that Judge Curtin's 2013 remand orders in *Abbo-Bradley* and *Pierini* precluded them from removing the 17 other cases based on federal question jurisdiction at the time they were filed. *See generally Casale v. Metro. Transp. Auth.*, No. 05 Civ. 4232 (MBM), 2005 U.S. Dist. LEXIS 34637, at *27 (S.D.N.Y. Dec. 16, 2005) (holding

that an initial pleading need not present an "unassailable legal justification for potential removal" to trigger the 30-day time limit).

### b) Federal Officer Jurisdiction

Occidental argues that Judge Curtin's 2013 remand orders in *Abbo-Bradley* and *Pierini* became the law of the case as to federal officer jurisdiction because, even though that ground was not raised before Judge Curtin, he had an independent obligation to take jurisdiction if it exists. ECF No. 74-1 at 19-20.

This is not true for *Abbo-Bradley* and *Pierini* or the 17 other cases, because Occidental never raised, and Judge Curtin never ruled on, federal officer jurisdiction. *See Best Payphones, Inc. v. Dobrin*, 410 F. Supp. 3d 457, 504-05 (E.D.N.Y. 2018) ("[I]t simply makes no sense for the law of the case doctrine to apply where, as here, there is no prior ruling on an issue." (citation and internal quotation marks omitted)); *S.W.S. Erectors*, 72 F.3d 489 at 492 (agreeing that "[a] remand order is conclusive only regarding the matters actually adjudged").

Again, the Court makes no comment on the merits of federal officer jurisdiction, but only holds that Occidental has not shown that Judge Curtin's remand orders established that removal was not available on that ground.

### 2. Receipt of a Paper Changing the Status of the Case and Making Jurisdiction Ascertainable for the First Time

Even if Occidental could show that the prior versions of the complaints involving the Love Canal allegations only were not initially removable, it cannot show that the 2020 amended complaints adding the three new sites presented a federal question or federal officer ground for jurisdiction *for the first time*. If these grounds exist in the 2020 amended complaints, they existed in the prior Love Canal complaints.

11

In both the old and the new versions of the complaints, Occidental's ground for asserting federal question jurisdiction was that Plaintiffs were purportedly challenging federal CERCLA remedies. Whether those remedies pertained to the Love Canal site or the three new sites does not change the jurisdiction analysis, as explained above.

Similarly, in both the old and the new versions of the complaints, Occidental's ground for asserting federal officer jurisdiction was that Occidental acted under the direction or supervision of the federal government in implementing the federal CERCLA remedies. Again, whether those remedies pertained to the Love Canal site or the three new sites does not change the jurisdictional analysis. As Judge McCarthy explained, Occidental's assertion that federal officer jurisdiction only appeared as a ground for removal with the addition of the new exposure sites in 2020 is "difficult to reconcile with [its] acknowledgment that 'just as the Occidental Defendants act under color of a federal officer concerning the remediation of the three new sites under federal consent decrees, so, too, do they act under color of a federal officer concerning the remediation of the Love Canal site under federal consent decrees.'" ECF No. 70 at 16 (quoting Defendants' Joint Memorandum of Law, ECF No. 40 at 36).

In sum, if federal question jurisdiction and/or federal officer jurisdiction is ascertainable on the face of the 2020 amended complaints based on the three new sites, it was already ascertainable on the face of the previous complaints based on the Love Canal site. Conversely, if jurisdiction did not exist based on the Love Canal site, the addition of the three new sites does nothing to create jurisdiction now. Removal under section 1446(b)(3) is therefore unavailable.

## II.     Removal Based on the Revival Doctrine

If removal is not available pursuant to section 1446(b)(3), Occidental asserts that it is available based on an alternate route: the revival doctrine. This judicially-created "doctrine revives

a defendant's right of removal if an amended pleading changes the nature of a case so substantially that it is as if a new action has been brought." *Casale v. Metro. Transp. Auth.*, No. 05 Civ. 4232 (MBM), 2005 U.S. Dist. LEXIS 34637, at *13 (S.D.N.Y. Dec. 16, 2005). "The Second Circuit has not addressed when, if ever, the revival exception may apply. Because its application is inappropriate in the instant case, this Court need not speculate as to whether the Second Circuit would adopt it." *Study Logic LLC v. 7-Eleven, Inc.*, No. 18-CV-5499 (RJD) (LB), 2019 U.S. Dist. LEXIS 231624, at *5 (E.D.N.Y. July 25, 2019).

Judge McCarthy determined that the revival doctrine does not save Occidental here. In large part for the same reasons as discussed above, the Court agrees with Judge McCarthy that the 2020 amended complaints did not so substantially change the 19 cases so as to alter their character and "constitute essentially a new lawsuit." *Rivera v. Berlin City's Vt. Remarketed Autos, Inc.*, No. 2:19-cv-00159, 2020 U.S. Dist. LEXIS 9791, at *9 (D. Vt. Jan. 21, 2020) (quoting *Johnson v. Heublein Inc.*, 227 F.3d 236, 241 (5th Cir. 2000)); *see Rosa v. Borough of Leonia*, No. 18-15534 (ES) (MAH), 2019 U.S. Dist. LEXIS 47072 (D.N.J. Feb. 21, 2019) (rejecting application of revival doctrine where plaintiff amended her complaint in response to the amendment of the local ordinances she was challenging; holding that, while it was "technically accurate" that plaintiff had asserted new claims challenged the new ordinances that were adopted, it did not change the "fundamental focus" of the claims, the target of the attack, or the legal theories).

## CONCLUSION

For the foregoing reasons, Judge McCarthy's R&R, ECF No. 70, is ADOPTED IN PART. The portions of the R&R addressed in this Decision and Order are adopted, and the Court declines to reach the remaining portions of the R&R. Plaintiffs' motion for remand, ECF No. 39, is GRANTED. The following cases are remanded to the State of New York Supreme Court, County

of Niagara: 20-cv-00136, 20-cv-00142, 20-cv-00154, 20-cv-00139, 20-cv-00148, 20-cv-00147, 20-cv-00151, 20-cv-00153, 20-cv-00152, 20-cv-00141, 20-cv-00145, 20-cv-00150, 20-cv-00149, 20-cv-00146, 20-cv-00137, 20-cv-00144, 20-cv-00138, 20-cv-00143, 20-cv-00155.

IT IS SO ORDERED.

Dated: January 25, 2021
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court